IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **LAURA WHEAT, Individually and On Behalf of Others Similarly Situated,**     Plaintiffs, v. **ABBOTT PRODUCTS, INC. and SOLVAY PHARMACEUTICALS, INC.**     Defendants. | Civil Action No:  5:10-cv-01040-FB Chief Judge Fred Biery |

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiff Laura Wheat and Defendant Solvay Pharmaceuticals, Inc., now known as Abbott Products Inc. ("Solvay"),[1] respectfully ask this Court for a stay of proceedings in this matter until such time as the United States Supreme Court issues a decision in *Christopher v. Smithkline Beecham Corp.*, Case No. 11-204.  In support of this Motion, the parties state as follows:

Plaintiff's operative complaint alleges that Solvay misclassified Plaintiff Laura Wheat and other similarly situated pharmaceutical representatives as exempt from the overtime wage requirements of the Fair Labor Standards Act, 29 U.S.C. § 207 et seq. ("FLSA").  Accordingly, among the issues the Court will have to decide in this case is whether the Plaintiff falls within any of the FLSA's overtime exemptions, including, but not limited to, the outside sales exemption.

---

[1] Solvay Pharmaceuticals, Inc. became a part of Abbott Laboratories in February 2010.  On March 15, 2010, Solvay Pharmaceuticals, Inc. changed its name to Abbott Products, Inc.

In prior cases, the Second Circuit, Third Circuit, and Ninth Circuit have addressed the applicability of overtime exemptions in cases involving pharmaceutical manufacturer defendants and in the context of pharmaceutical sales positions.  S*ee Christopher v. SmithKline Beecham Corp*., 635 F.3d 383 (9th Cir. 2011); *In re Novartis Wage & Hour Litig*., 611 F.3d 141 (2d Cir. 2010); *Baum v. AstraZeneca LP,* 372 Fed.Appx. 246 (3d Cir. 2010); S*mith v. Johnson & Johnson*, 593 F.3d 280 (3d Cir. 2010).  To date, the Fifth Circuit has not addressed the applicability of these exemptions in the context of pharmaceutical sales representatives.  However, on March 9, 2011, the Fifth Circuit granted an interlocutory appeal in *Harris v. Auxilium Pharmaceuticals, Inc.* regarding the applicability of both the outside sales and administrative exemption to pharmaceutical sales representatives.  No. 4:07-cv-3938, 2010 WL 3817150 (S.D. Tex. Sept. 28, 2010), *appeal docketed*, No. 11-20151 (5th Cir. March 9, 2011).

On November 28, 2011, the United States Supreme Court granted a Petition for Writ of *Certiorari* to review the Ninth Circuit's decision in *Christopher v. Smithkline Beecham Corp.*, 635 F.3d 383 (9th Cir. 2011).  In *Christopher*, the Ninth Circuit held that pharmaceutical sales representatives employed by Smithkline Beecham are exempt under the outside sales exemption and that the amicus brief the Department of Labor filed in that case is not entitled to deference.  The Supreme Court is expected to address the outside sales exemption and whether deference is owed to the Secretary's interpretation of the Fair Labor Standards Act's regulations.

In light of the Supreme Court's grant of certiorari in Christopher, a stay in the instant case is warranted as a matter of efficiency and judicial economy.  *See, e.g. Landis v. North Am. Co.,* 299 U.S. 248, 254-55 (1936) (recognizing courts' inherent powers to stay proceedings).  The Fifth Circuit recently stayed the *Harris* case based on the grant of certiorari in *Christopher*. *Harris v. Auxilium Pharmaceuticals, Inc.,* No. 11-20151 (5th Cir. Dec. 14, 2011) (granting stay

2

3

pending decision in *Christopher*). Other courts around the country have similarly stayed cases regarding FLSA exemptions for pharmaceutical sales representatives pending the decision in *Christopher*. *See Raimundi v. Astellas U.S. LLC,* No. 10-cv-5240, 2011 WL 5117030 (S.D.N.Y. Nov. 30, 2011) (granting stay pending decision in *Christopher*); *Schedel v. Merck,* No. 07-cv-0391 (D.N.J. Dec. 2, 2011) (same); *Lopez-Lima v. Boehringer Ingelheim Pharm*, No. 10-cv-22398 (S.D. Fla. Dec. 5, 2011) (same); *Quinn v. Endo Pharm.*, 10-cv-11230 (D. Mass. Dec. 8, 2011) (same); *Fisher v. Shionogi Pharma, Inc.*, No. 11-cv-00571 (E.D. Ark. Dec. 8, 2011) (same); *Martinez v. Forest Lab., Inc., et al.*, No. 10-cv-06032 (S.D.N.Y. Dec. 9, 2011) (same); *Burdine v. Covidien*, No. 1:10-cv-00194 (E.D. Tenn. Dec. 9, 2011) (same).

Solvay and Wheat make this request in good faith, and no party will be harmed by this requested stay. Neither party has previously requested a stay of proceedings.

For these foregoing reasons, Solvay and Wheat respectfully request that this Court stay the proceedings in this matter until such time as the United States Supreme Court issues its decision in *Christopher v. Smithkline Beecham Corp.*

Dated:  December 22, 2011

| s/ Glenn Levy (by consent) | s/ Mark D. Temple |
|---|---|
| Glenn D. Levy<br>Attorney at Law<br>906 West Basse Road, Suite 100<br>San Antonio, Texas 78212<br>210.822.5666 phone<br>210.822.5650 fax<br><br>*Attorney for Plaintiff* | Mark D. Temple<br>Texas State Bar No. 00794727<br>mdtemple@jonesday.com<br>JONES DAY<br>717 Texas, Suite 3300<br>Houston, Texas  77002<br>Telephone:  (832) 239-3741<br>Facsimile:   (832) 239-3600<br><br>Michael J. Gray (*pro hac vice anticipated*)<br>Brent Knight (*pro hac vice anticipated*)<br>JONES DAY<br>77 West Wacker Drive<br>Suite 3500<br>Chicago, Illinois 60601<br>Telephone:  (312) 782-3939<br>Facsimile:  (312) 782-8585<br><br>*Attorneys for Defendant* |

4

CHI-1827579v2

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2011, I electronically filed the foregoing *Joint Motion to Stay* with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

s/ Mark D. Temple
One of the Attorneys for Defendant

CHI-1827579v2